PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM G. BOLTON, | ) | |
| | ) | CASE NO. 4:16CV2953 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| DEPARTMENT OF THE NAVY BOARD | ) | |
| FOR CORRECTION OF NAVAL | ) | |
| RECORDS, | ) | |
| | ) | **MEMORANDUM OF OPINION &** |
| Defendant. | ) | **ORDER** [Resolving ECF No. 17] |

Pending before the Court is Defendant Department of the Navy Board for Correction of Naval Records' Motion to Dismiss Amended Appeal. ECF No. 17. Plaintiff William Bolton opposes the motion. ECF No. 19. Defendant replied. ECF No. 20. For the reasons that follow, the Court grants Defendant's motion.

## I. Background

In his Amended Complaint, Plaintiff alleges that he entered the Marine Corps on August 22, 2006, left active duty on October 1, 2010, and received an honorable discharge from the individual ready reserve on March 14, 2014. ECF No. 16 at PageID #: 199.

On or around August 6, 2010, however, Plaintiff was arrested on Camp Lejune in North Carolina for speeding and driving under the influence. *Id*. Plaintiff claims a "detailed military defense counsel" advised him that all charges related to this incident "would be disposed of by Court Martial." *Id*. Instead, "his court citation for DUI [] was brought before the base court at

(4:16CV2953)

Camp Lejune on August 13, 2010." *Id.* at PageID#: 199-200. Plaintiff's failure to appear at base court purportedly led to a conviction of driving under the influence, a violation of NCGS § 20-138.1. *Id.* at PageID #: 200.

On August 30, 2010, Plaintiff faced a summary court martial, and pursuant to a plea agreement, pleaded guilty to violations of the following articles of the Uniform Code of Military Justice: (1) Article 89 (Disrespect of a Commissioned Officer); (2) Article 92 (Unregistered Firearm on Base); and (3) Article 111 (Driving Under the Influence). *Id.* Plaintiff did not have legal counsel at the summary court martial. *Id.*

Following the court martial, Plaintiff filed a petition with Defendant to have the sentences of the court martial removed. *Id.*; *see also* ECF No. 16-3. Defendant denied Plaintiff's petition.[1] *Id.* at PageID #: 200-01; ECF No. 16-4. Plaintiff appealed that decision to the Court. ECF No. 1. Subsequently, Plaintiff amended his Complaint. ECF No. 16.

The Amended Complaint alleges two causes of action: (1) that Defendant's decision was arbitrary and capricious as it violated the Fifth Amendment to the United States Constitution (*id.* at PageID #: 201-02); and (2) Defendant's decision was arbitrary and capricious in so far as it (a) failed to consider all defenses present in the petition, (b) lacked a complete record, and (c) did not provide Plaintiff the opportunity to address the evidence used against him (*id.* at PageID #: 202-05). The relief Plaintiff seeks is two-fold: (1) expungement of his court martial and (2) restoration of his rank to Corporal. *Id.* at PageID #: 205.

---

[1] Despite the Board's belief the petition was untimely, it was considered as an application for clemency and denied with explanation.

(4:16CV2953)

## II. Standard of Review

To survive a Fed. R. Civ. P.12(b)(6) motion to dismiss, the plaintiff's complaint must allege enough facts to "raise a right to relief above the speculative level." *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Fed. R. Civ. P. 8(a)(2) requires only that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint requires "further factual enhancement," which "state[s] a claim to relief that is plausible on its face." *Id.* at 557, 570. A claim has facial plausibility when there is enough factual content present to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When a claim lacks "plausibility in th[e] complaint," that cause of action fails to state a claim upon which relief can be granted. *Twombly*, U.S. 550 at 564.

The Court's inquiry is limited to the four corners of the complaint, along with any other materials permitted under Fed. R. Civ. P. 12(b)(6) and 10(c). *Jackson v. Maui Sands Resort, Inc.*, No. 1:08-CV-2972, 2009 WL 7732251, at *3 (N.D. Ohio Sept. 8, 2009). "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). A court may also consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Solo v. United Parcel Serv.*

(4:16CV2953)

*Co.*, 819 F.3d 788, 794 (6th Cir. 2016) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

### III.  Discussion

#### A.  Fifth Amendment

In its motion to dismiss, Defendant argues that Plaintiff's summary court martial is not a criminal prosecution, therefore, the Fifth Amendment does not apply.  ECF No. 17-1 at PageID #: 246-50.  In response, Plaintiff concedes that the Fifth Amendment may not apply, but that "[d]ouble punishment should not be allowed against military service members whether or not a technical double jeopardy violation occurred."  ECF No. 19 at PageID #: 269.  In reply, Defendant reiterates its position that Plaintiff did not suffer two punishments sufficient to trigger Double Jeopardy.  ECF No. 20 at PageID #: 277-80.

The Fifth Amendment protects against both successive prosecutions and successive *criminal* punishments.  *Herbet v. Billy*, 160 F.3d 1131, 1136 (6th Cir. 1998) (citation omitted); *see also Breed v. Jones*, 421 U.S. 519 (1975) ("In the constitutional sense, jeopardy describes the risk that is traditionally associated with a criminal prosecution.").  Thus, the issue in this case is whether the results of a summary court martial amounts to a criminal prosecution.

The United States Supreme Court held that a summary court martial is not a criminal prosecution under the Sixth Amendment.  *Middendorf v. Henry*, 425 U.S. 25, 42 (1976).  The Sixth Circuit has not ruled on whether a summary court martial constitutes a criminal prosecution for purposes of the Fifth Amendment, but other persuasive authority debunks Plaintiff's position

4

(4:16CV2953)

that a court martial qualifies as a criminal prosecution.[2] Additionally, as Defendant points out and Plaintiff does not refute, Congress amended 10 U.S.C. § 820, Art. 20 to state expressly that a finding of guilty at a summary court martial does not amount to a criminal conviction.[3]

For the reasons above, including Plaintiff's acquiescence to the point, the Court finds that jeopardy does not attach to a summary court martial proceeding.

Moreover, Defendant's argument that the base traffic court's suspension of Plaintiff's driving privileges does not raise Double Jeopardy concerns is well taken. *Hebert*, although a case involving Ohio traffic law, as opposed to the Code of Military Justice, finds that an administrative license suspension does not implicate the Double Jeopardy clause. 160 F.3d at 1137-39. The suspension of driving privileges focuses on the promotion of public safety, rather than punishment. *United States v. Imngren*, 98 F.3d 811, 816-17 (4th Cir. 1996). Therefore, the infractions Plaintiff suffered at base traffic court are not criminal punishments.

Based on the foregoing, Count I fails to state a claim for double jeopardy, as Plaintiff suffered neither successive criminal prosecution or successive criminal punishment.

---

[2] The Ninth Circuit has held that summary a court martial does not qualify as a criminal proceeding under the Fifth Amendment. *United States v. Reveles*, 660 F.3d 1138, 1145 (9th Cir. 2011). One district court has addressed the matter, and held that, based on *Middendorf*, the Supreme Court may find that jeopardy does not attach to a summary court martial, but the court concluded the matter was irrelevant, because a service member could object to a trial by summary court martial and request trial by special or general court martial, instead. *U.S. v. Espinosa*, 789 F.Supp.2d 681, 684 n.2 (E.D.Va. 2011).

[3] "A summary court-martial is a non-criminal forum. A finding of guilty at a summary court-martial does not constitute a criminal conviction." 10 U.S.C. § 820, Art. 20(b).

5

(4:16CV2953)

### B. Defendant's Authority to Expunge a Court Martial

Defendant also argues that it lacks the authority to expunge the court martial and restoration of rank, as requested by Plaintiff. ECF No. 17-1 at PageID #: 251-52. Plaintiff retorts that Defendant does have the power to grant clemency, if it first determined that Plaintiff's summary court martial was unjust. ECF No. 19 at PageID #: 267-68. Plaintiff draws support from a 1981 case, *Baxter v. Claytor*, 652 F.2d 181 (D.C.Cir. 1981). Defendant counters by pointing out that *Baxter* predates the current version of 10 U.S.C. § 1552 which contains a new subsection that prevents Defendant from overturning a court martial. ECF No. 20 at PageID #: 275-77.

Added in 1983, 10 U.S.C.§ 1552(f) states as follows:

(f) With respect to records of courts-martial and related administrative records pertaining to court-martial cases tried or reviewed under chapter 47 of this title (or under the Uniform Code of Military Justice (Public Law 506 of the 81st Congress)), action under subsection (a)
may extend only to

> (1) correction of a record to reflect actions taken by reviewing authorities under chapter 47 of this title (or under the Uniform Code of Military Justice (Public Law 506 of the 81st Congress)); or

> (2) action on the sentence of a court-martial for purposes of clemency.

Interpreting this provision, the District of Kansas held that "the language and legislative history of the Military Justice Act supports [the] contention that [boards of correction] ha[ve] no power to overturn court-martial convictions by "correcting the records."" *Stokes v. Orr*, 628 F.Supp. 1085, 1086 (D.Kan. 1985). Additionally, subsequent to the 1983 amendment, the D.C. Circuit Court of Appeals held that the Army Board for the Correction of Military Records lacked

6

(4:16CV2953)

authority to void a court martial. That court cited § 1552(f) as the authority supporting that conclusion. *Martinez v. United States*, 914 F.2d 1486, 1488 (D.C.Cir. 1990). *Martinez* undermines Plaintiff's reliance on *Baxter*, as it suggests that the D.C. Circuit's interpretation of § 1552 has changed with the addition of § 1552(f). Alas, Defendant does not operate as a body to which Plaintiff can appeal his court martial. *Penland v. Mabus*, 181 F.Supp.3d 100, 105 (D.D.C. 2016) (holding that § 1552(f) "does not contemplate the BCNR [Board of Naval Correction Records] serving as an appellate tribunal above the court martial.").

Count II of the Amended Complaint seeks relief the Court cannot grant. Additionally, arguments as to the sufficiency of the record are not appropriately before a court addressing a motion to dismiss.

### IV. Conclusion

For the foregoing reasons, the Court grants Defendants' Motion to Dismiss (ECF No. 17) the Amended Complaint.

IT IS SO ORDERED.

January 29, 2018  /s/ Benita Y. Pearson
Date   Benita Y. Pearson
   United States District Judge